HEARD NOVEMBER TERM, 1878.

CASE No. 707.

BOWDEN & EARLE v. JOHN WINSMITH.

1. When the reasons which induced the Circuit judge to refuse a motion for continuance are not brought before this court, such refusal cannot be made a ground for granting a new trial.
2. A note was described in the complaint as note of the defendant, and the note proven was signed by defendant and another; motion for non-suit, upon ground that complaint did not contain a plain and concise statement of facts, was refused; *held,* no error.
3. The act of December 20th, 1877, (16 *Stat.* 325,) does not affect contracts entered into before its passage.

---

Before KERSHAW, J., at Spartanburg, March Term, 1878.

These were two actions upon two promissory notes; each complaint was upon a promissory note in the usual form. They described the note sued on as if given by defendant alone. The notes were dated March 14th, 1877, and bore interest at rate of two per cent. after maturity, one of them being payable November 1st, and the other December 1st, next after their date.

At the trial, the two actions were consolidated. The defendant moved for a continuance, upon the ground of the absence of a material witness, whose attendance could not be secured because of his residence at a considerable distance and in another

county. The motion was overruled, and defendant excepted. The notes were produced in court; they were joint and several notes signed by one Dunaway and defendant. Defendant admitted his signature. He moved for a non-suit, upon the ground that the complaint did not contain such a plain and concise statement of facts as was required by the code to constitute a cause of action. The motion was overruled, and defendant excepted.

Verdict for plaintiff for amount demanded in the complaint—judgment accordingly.

Defendant appealed upon the following grounds:

1. That his Honor erred in overruling the motion for a continuance.

2. That his Honor erred in overruling the motion for a nonsuit.

3. That his Honor erred in charging the jury that they must find a verdict for plaintiffs for the principal sum stipulated in the notes, and two per cent. interest a month, as demanded in the complaint.

*Mr. John Winsmith*, for appellant.

*Messrs. Duncan & Cleveland*, contra.

April 14th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The first ground of appeal is that the Circuit judge refused a motion for a continuance on the ground of the absence of a material witness. The reasons for the refusal to continue are not stated, and we have no reason to conclude that any error of law was committed. If the Circuit judge concluded that the facts appearing did not warrant the conclusion that the defendant had used due diligence to procure the attendance of the witness, and that the failure to attend was through no fault on the part of the defendant, and that the witness was material to the defence, and that he would be prejudiced in his defence unless the attendance of such witness was compelled, the refusal of the motion to continue is not a proper subject of appeal to this court. This exception must be overruled.

The second ground of appeal is the failure of the Circuit Court to grant a non-suit, on the ground that the complaint "did not contain such a plain and concise statement of facts as required by the code to constitute a cause of action." Where the allegations of a pleading are "so indefinite or uncertain that the precise nature of a charge or defence is not apparent, the remedy is by a motion, in due time, for an order requiring the pleading to be made definite and certain by amendment." *Code,* § 183. If such motion is not made in due time, it is waived. Such an objection should be taken before answer. Section 199 provides that "the court shall in every stage of action disregard any error or defect in the pleadings or proceedings which shall not affect substantial rights of the adverse party, and no judgment should be reversed or affected by reason of such error or defect." This section precluded the Circuit judge from allowing the motion for a non-suit on the ground of informality alone. The only defect in the complaint that could be made available on the motion for a non-suit was that it did not state facts sufficient to constitute a cause of action; all other defects, excepting only want of jurisdiction, were cured by failure to demur or set them up by way of answer. Section 171. But, though the complaint might be defective in the statement of a sufficient cause of action, yet if the plaintiff had, without objection on that ground, supplied requisite proofs to entitle him to a judgment, it would be the duty of the Circuit judge to order immediate amendment without prejudice to the proceeding. It would appear, from the argument of the appellant, that the objection was that the notes in suit were declared upon as the notes of the defendant alone, and the notes produced were signed by the defendant and another person severally liable. No objection appears to the introduction of such notes in proof. The objection is merely to an alleged misdescription of the notes in the complaint. In law the notes were the several obligations of the defendant at the election of the plaintiff, and could be declared on as such. This objection must be overruled.

The third objection is that judgment was given for the amount of the notes, with interest at the rate of two per cent. a month

after maturity. That was the contract of the parties, and at the time it was made there was no law to invalidate it.

The subsequent act of 1877 (16 *Stat.* 325) fixes the rate of interest (Section 1) at seven per cent. on contracts from and after its passage. Section 2 of that act, presenting certain consequences to arise from establishing a greater rate of interest than that fixed by the first section, must be read as restricted to cases falling under the first section.

The appeal must be dismissed and the judgment affirmed.

Appeal dismissed.

McIVER and HASKELL, A. J.'s, concurred.